IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALE ROGERS and BRITTANY MORGAN,<br><br>Plaintiffs,<br>v.<br><br>ELAN SOLAR and KEVIN COLARUSSO,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT COLARUSSO'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF EVIDENCE<br><br>Case No. 1:23-cv-00066-TS<br><br>Judge Ted Stewart |

This matter is before the Court on Defendant Kevin Colarusso's Motion to Stay[1] and Plaintiffs' Motion to Compel Production of Evidence and to Find Civil Contempt.[2] For the reasons discussed below, the Court will deny Defendant's Motion, grant Plaintiffs' Motion in part, and order Mr. Colarusso to complete and return to Plaintiffs' counsel the "Answers to Questions About Judgment Debtor's Property" by February 25, 2026.

I. BACKGROUND

On May 26, 2023, Plaintiffs Dale Rogers and Brittany Morgan filed suit against Defendants Elan Solar and Kevin Colarusso[3] for violation of the Fair Labor Standards Act.[4] Thereafter, Plaintiffs filed proof of service indicating that both Defendants had been personally served on July 28, 2023.[5] Plaintiffs later moved for default on September 28, 2023 after

---

[1] Docket No. 33.

[2] Docket No. 35.

[3] Docket No. 2. Plaintiff originally filed against Defendant Colarusso Ventures but subsequently moved to dismiss it, which the Court granted. See Docket Nos. 17, 18.

[4] 29 U.S.C. §§ 201 et seq.; Docket No. 2.

[5] Docket Nos. 9, 10.

Defendants failed to answer or otherwise respond to the Complaint.[6] Thereafter, the Clerk of the Court entered a Default Certificate for both Defendants.[7] Plaintiffs then filed a Motion for Default Judgment which the Court granted on December 5, 2023.[8] The Court entered Judgment against Defendants in the amount of $5,317.00 for Plaintiff Brittany Morgan, $23,070.00 for Plaintiff Dale Rogers, and $4,762.00 in attorney's fees and costs on the same day.[9]

In March 2025, Plaintiffs filed a Motion for Supplemental Proceedings to aid in enforcement of the judgment entered in their favor. The Court granted the Motion and ordered Defendants to appear at a hearing set for May 12, 2025, to answer questions about income, assets, and liabilities. The Court later vacated the hearing upon Plaintiffs' request. Plaintiffs then filed an Ex Parte Motion to Identify Judgment Debtors' Property,[10] which the Court granted.[11] The Order required Plaintiffs to serve the motion and order on Defendants via certified mail, and required Defendants to complete and return the completed form entitled, "Answer to Questions about Judgment Debtor's Property to Plaintiffs' counsel and ordered them not to "sell, transfer, or dispose of any of their non-exempt property."[12]

Plaintiffs thereafter filed Certificates of Service[13] and Mr. Colarusso filed his Motion to Stay on June 3, 2025.[14] Plaintiffs filed a response opposing the Motion and thereafter filed their

---

[6] Docket No. 11.
[7] Docket No. 13.
[8] Docket No. 21.
[9] Docket No. 22.
[10] Docket No. 26.
[11] Docket No. 29.
[12] *Id.* 1–2.
[13] Docket Nos. 30, 31.
[14] Docket No. 33.

2

Motion to Compel Production of Evidence and to Find Civil Contempt.[15] Defendants did not respond and the time for doing so has now passed.

    A. Defendant Colarusso's Motion to Stay

Mr. Colarusso filed his Motion to Stay pro se, asserting that he did not receive service and at the time of judgment his company was experiencing financial hardship and has since closed and therefore, the case should be stayed.[16] Plaintiffs argue that under Federal Rule of Civil Procedure 60(b), the Court should deny the stay.

"[When] the plaintiff is proceeding pro se, we must construe [his] pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers."[17] Mr. Colarusso does not specify under what basis he is asserting his Motion, however, the Court will construe it as a motion to vacate entry of default under Federal Rules of Civil Procedure 55, 60(b)(1), and 60(b)(6).

Rule 55(c) states that a court may set aside an entry of default for good cause and may do so under Rule 60. Rule 60(b)(1) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" for reasons including "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) allows a court to set aside judgment for "any other reason that justifies relief."

A motion made for mistake, inadvertence, surprise, or excusable neglect must be made "no more than a year after the entry of default.[18] To the extent that Mr. Colarusso moves to vacate default judgment in this case under Rule 60(b)(1), the Court will deny the Motion. Default

---

[15] Docket No. 36.

[16] Docket No. 33, at 1.

[17] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (internal quotation marks and citation omitted).

[18] Fed. R. Civ. P. 60(c)(1).

judgment was entered on December 5, 2023 and Mr. Colarusso did not file his Motion until June 3, 2025, nearly 18 months later. Therefore, relief under Rule 60(b)(1) is time-barred.

A motion under Rule 60(b)(6) for any other reason that justifies relief must be made within a reasonable time.[19] Relief under Rule 60(b)(6) "requires a showing of extraordinary circumstances"[20] and "is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted or when it offends justice to deny such relief."[21] Furthermore, the Tenth Circuit has explained that "Rule 60(b)'s categories are mutually exclusive" and that "[t]he clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the other 60(b) clauses."[22] However, in liberally construing Mr. Colarusso's Motion, the Court will consider the Motion under Rule 60(b)(6).

Generally, courts consider three factors for setting aside default judgment under Rule 60(b)(6): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment."[23]

Turning to the first factor, "[w]hen a party has actual or constructive notice of a lawsuit, yet completely fails to answer or otherwise communicate with the Court, defendant's failure is

---

[19] *Id.*

[20] *Doran Law Off. v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 737 (10th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)).

[21] *Id.* (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

[22] *Mullin v. High Mountain*, 182 F. App'x 830, 832 n.3 (10th Cir. 2006) (quoting *Zurich N. Am. v. Matrix Servs., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

[23] *United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013) (quoting *United States v. Timbers Pres.*, 999 F.2d 452, 454 (10th Cir. 1993)).

willful and demonstrates complete disregard for the authority of the Court."[24] "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[25] "Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."[26]

Mr. Colarusso asserts that his attorney did not receive notice and that he was not aware of the lawsuit. However, the proof of service filed on September 28, 2023 states that Mr. Colarusso was personally served on July 28, 2023. Further, Plaintiffs represented in their Motion for Entry of Default, filed on September 28, 2023, that they mailed the Motion to Mr. Colarusso and Elan Solar at the same address the summons was served in July. Mr. Colarusso does not address or refute that he was personally served on July 28, 2023, as certified in the proof of service. Further, Mr. Colarusso does not assert any other excuse to justify his failure to respond or otherwise participate in the suit.

"[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties . . . to a reasonably high standard of diligence in observing the courts' rules of procedure."[27] Based on the in record, the Court finds that this factor weighs against setting aside the judgment.

---

[24] *Clear Link Techs. LLC v. Aspiration Fund Advisor LLC*, No. 2:23-cv-00419-TS, 2024 WL 382652, at *2 (D. Utah Feb. 1, 2024) (internal quotation marks and citations omitted).

[25] *Id.* (collecting cases).

[26] *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished).

[27] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

5

Turning to the second factor, a defendant must "plausibly suggest the existence of facts, which, if proven at trial, would constitute a cognizable defense."[28] Mr. Colarusso fails to assert any defense to the claims in the Complaint. This factor therefore weighs against setting aside the entry of default judgment.

Finally, a plaintiff's showing of "mere delay does not alone constitute prejudice."[29] "[P]laintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or great opportunities for fraud and collusion."[30] Here, Plaintiffs assert that they would be prejudiced by setting aside the default. They assert that setting aside the judgment would undermine finality after 18 months, hinder discovery, and increase costs. The significant delay between default judgment and Mr. Colarusso's Motion undoubtedly results in an increase in litigation costs and issues associated with delayed discovery. Accordingly, the Court finds that this factor weighs against setting aside the entry of default judgment.

Therefore, the Courts finds that the relevant factors weigh against setting aside the entry of default judgment in this case and will deny the Motion under Rule 60(b)(6).

B. Motion to Compel and to Find Civil Contempt

Plaintiffs argue that because Mr. Colarusso failed to comply with the Order granting the Motion to Enforce Judgment,[31] he should be held in contempt. They ask the Court to order Mr. Colarusso to identify his financial assets and seek an additional $2,375.00 in attorney's fees for responding to the Motion to Stay and filing the Motion to Compel.

---

[28] *Clear Link Techs. LLC*, 2024 WL 382652, at *3 (internal quotation marks and citation omitted).

[29] *Id.* (internal quotation marks and citation omitted).

[30] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

[31] Docket No. 29.

"A district court has broad discretion in using its contempt power to require adherence to court orders."[32] "In civil contempt cases, the proof of contempt must be clear and convincing."[33] Disobedience need not be willful, indeed "[a] district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered."[34]

Here, Mr. Colarusso is proceeding pro se and failed to complete and return "Answers to Questions About Judgment Debtor's Property" as served by Plaintiffs on May 29, 2025, and as ordered by the Court. Instead, Mr. Colarusso filed a Motion to Stay as discussed above. Having denied the Motion to Stay, the Court will order Mr. Colarusso to complete and return the questionnaire to Plaintiffs' counsel by February 25, 2026. If Mr. Colarusso fails to do so the Court will find him in contempt and will consider the appropriate sanction at that time.

It is therefore

ORDERED that Defendant's Motion to Stay (Docket No. 33) is DENIED. It is further

ORDERED that Plaintiffs' Motion to Compel Production of Evidence and to Find Civil Contempt (Docket No. 35) is GRANTED IN PART. It is further

ORDERED that Defendants must complete and return the form entitled "Answers to Questions About Judgment Debtor's Property" as previously ordered in Docket No. 29, to Plaintiffs' counsel by February 25, 2026. It is further

ORDERED that Plaintiffs timely notify the Court if the form is not returned by the above deadline.

---

[32] *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982).

[33] *United States v. Pro. Air Traffic Controllers Org.*, 703 F.2d 443, 445 10th Cir. 1983) (citation omitted).

[34] *Bad Ass Coffee Co. of Haw., Inc. v. Bad Ass Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (citation omitted).

DATED  February 11th, 2026

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge